Date signed June 17, 2005



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | | |
|---|---|---|---|
| **In re:** | * | | |
| **Ora L. Peyton,** | * | **Case No.** | 04-24293 PM |
| | * | **Chapter** | 7 |
| | * | | |
| **Debtor.** | * | | |
| ************************************* | * | | |
| **Janet M. Nesse, Trustee,** | * | **Adv. Proc. No.** | 04-2154 |
| | * | | |
| | * | | |
| **Plaintiff,** | * | | |
| vs. | * | | |
| | * | | |
| **Willis S. Hosley, Jr.,** | * | | |
| | * | | |
| **Defendant.** | * | | |

### MEMORANDUM OF DECISION

Ora L. Peyton ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code[1] on June 14, 2004, and on that day an order for relief was duly entered. Janet M. Nesse ("Trustee") is the duly appointed, qualified and acting trustee in the case.

---

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section ___."

During the course of her administration of the case, the Trustee determined that the Debtor and Willis S. Hosley, Jr., were the named co-owners of real property situated at 2721 Timbercrest Drive, District Heights, Maryland ("Property"), and that equity existed therein for the benefit of creditors.  The Trustee filed this adversary proceeding pursuant to the provisions of section 363(h), seeking authority to sell the Property free and clear of Mr. Hosley's interest.  Mr. Hosley answered the complaint contending that the Property was not property of the estate, and, therefore, that section 363(h) did not apply.

Both the Trustee and Mr. Hosley filed motions for summary judgment.  Hearings on the motions were held on March 31, 2005.  After hearing argument of counsel, the matters were taken under advisement, with the parties allowed ten days to submit post-hearing memoranda.

**FACTS**

The operative facts involved in this matter are not in dispute.  In 1989, Mr. Hosley and his wife, the Debtor's daughter, were in the market to acquire a residence.  Their circumstances were such, however, that they could not obtain financing without a co-signor.  The Debtor agreed to co-sign in order to accommodate their financing.  When the transaction closed, however, the Property was titled jointly in the names of Mr. Hosley and the Debtor.  The debt was refinanced at least once and the Debtor again signed the loan documents.

The entire down payment was from money Mr. Hosley received from selling a previously-owned residence.  Further, the Debtor did not contribute any money to repayment of the loans against the Property, never received any money as rent, never paid any portion of the taxes due on the Property, never took deductions for taxes or interest, never lived at the Property, nor took any other action indicating an ownership interest in the Property.  Mr. Hosley claimed

the mortgage interest deduction every year and bore all expenses of maintenance and repairs. The facts clearly suggest that the Debtor's only involvement was as a co-signor; nonetheless, she appears as a co-owner on the title to the Property and that presents the singular issue in the case.

Over the ensuing years the Debtor's financial circumstances deteriorated to such an extent that she sought relief under chapter 7. The Trustee now contends that (a) the Debtor's interest in the Property constitutes property of the estate under section 541, and (b) the Trustee may sell that interest along with Mr. Hosley's interest in the Property pursuant to section 363(h).

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland, referring all cases under Title 11 of the United States Code to the Bankruptcy Judges of this District. This is a core proceeding under 28 U.S.C. §157(b)(2)(A).

## SUMMARY JUDGMENT STANDARD

Rule 56(c), Federal Rules of Civil Procedure ("F.R.Civ.P."),[2] requires summary judgment to "be rendered forthwith if . . . there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Kitchen v. Upshaw, 286 F.3d 179 182 (4th Cir. 2002). "The burden is on the moving party at the summary judgment stage to show that there is an absence of evidence to support the nonmoving party's position." LaSalle Bank Nat'l Ass'n v. Lehman Bros. Holdings, Inc., 237 F. Supp. 2d 618, 626 (D. Md. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986)).

---

[2] Rule 7056, Federal Rules of Bankruptcy Procedure, provides that Rule 56, F.R.Civ.P., applies in adversary proceedings.

The movant may demonstrate the absence of a genuine issue of material fact through the use of "affidavits, exhibits, depositions and other discovery materials." Id. at 625 (citing Barwick v. Celotex Corp., 736 F.2d 946, 958 (4th Cir. 1984)). However, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

## DISCUSSION

Upon the filing of a petition under Title 11, an "estate" is created. Section 541(a). Generally speaking, and with but few exceptions, the estate comprises "all legal or equitable interests of the debtor in property." Section 541(a)(1). As the Debtor is the titled owner of an interest in the Property, the Trustee contends that this interest comprises property of the estate. Mr. Hosley argues, however, that section 541(d) precludes the Property from becoming property of the estate:

> (d)   Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

The concepts of "property of the estate" and "equitable interest" were discussed by the Fourth Circuit in the case of In re Dameron, 155 F.3d 718, 721-2 (4th Cir. 1998), from which decision this court feels compelled to quote at length:

> Under the Bankruptcy Code, a trustee is entitled to distribute all property within the scope of the bankruptcy estate. The Code defines the scope of such property broadly, including within the estate "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Expressly excluded from the estate is any "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable

4

interest...."  11 U.S.C. § 541(d).  We have previously explained that the purpose of § 541(d)'s exclusion is to ensure that the trustee "take no greater rights [in the property] than the debtor himself had."  *Mid-Atlantic Supply, Inc. v. Three Rivers Aluminum Co.,* 790 F.2d 1121, 1124 (4th Cir.1986) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 82, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5868).   Therefore, when a "debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate' " for purposes of the Bankruptcy Code. *Begier v. IRS,* 496 U.S. 53, 59, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990).

Our consideration of what constitutes an "equitable interest" subject to exclusion from the bankruptcy estate under § 541(d) is a question of state law. *See Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law ... [u]nless some federal interest requires a different result...."); *Barnhill v. Johnson,* 503 U.S. 393, 398, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992) ("In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law."); *American Bankers Ins. Co. v. Maness,* 101 F.3d 358, 363 (4th Cir.1996) ("[W]hile federal law creates the bankruptcy estate, *Butner* and the cases following it establish that state law, absent a countervailing federal interest, determines whether a given property falls within this federal framework.").

Mr. Hosley's theory is that the "constructive trust" doctrine operates to exclude the Property from the estate as the Debtor only holds bare legal title to the Property.  In his opposition to the Trustee's motion for summary judgment, Mr. Hosley states that "[t]he courts of Maryland have specifically recognized constructive trusts as 'the remedy applied by a court of equity to establish the holder of legal title to property into a trustee for the individual who should rightfully recognize the benefits of possession.'" (quoting In re L. Neal Beard, Sr., 1990 Bankr. Lexis 2832 (Bankr. D. Md. 1990)).  See also Wimmer v. Wimmer, 287 Md. 663, 414 A.2d 665 (1980).

The Trustee forcefully argues, however, that the facts of the instant case do not fit within the confines of the elements necessary to establish a constructive trust.  For the reasons set forth

5

in the Trustee's post-hearing memorandum[3], the court agrees with the Trustee. This conclusion, however, does not end the court's consideration of this litigation.

The court finds that the facts of this proceeding suggest the existence of a "resulting trust" rather than a constructive trust. Under Maryland law, "[a] resulting trust arises upon the presumed intention of the parties where the terms of the disposition or accompanying facts establish that beneficial interest is not to go with legal title." Siemiesz v. Amend, 237 Md. 438, 206 A.2d 723, 725 (Md. 1965). And, as the Court of Appeals opined in Fitch v. Double 'U' Sales Corp., 212 Md. 324, 129 A.2d 93, 96 (1957):

> It is well settled as a general rule that where the purchase price is paid by one person and the title is taken in the name of another, there arises in favor of the person paying the purchase money a resulting trust, and the holder of the legal title becomes a trustee for him. (Citations omitted)

See also U.S. v. District of Columbia, 596 F. Supp. 725 (D. Md. 1984). The party seeking to establish a resulting trust must do so by plain, unequivocal and convincing evidence; and, although parol evidence may be sufficient to establish such a trust, "the court should view [such evidence] with great caution." Amend, 237 Md. 438, 206 A.2d at 725 (citations omitted).

Although the resulting trust doctrine most frequently is applied in those situations where the name of the person who paid the purchase price does not appear on the legal title to the subject property, the fact that Mr. Hosley owns the Property as a tenant in common with the Debtor does not preclude application of the resulting trust doctrine. In Amend, supra, the party seeking to establish a resulting trust co-owned the property with his niece, whose name was placed on the deed to the property because her personal obligation was necessary in order for her

---

[3]Docket No. 27.

6

uncle to obtain a mortgage.  In that case, however, the court found that the evidence did not support the imposition of a resulting trust - namely, the niece also resided in the house and made mortgage payments as well as payments for maintenance and utilities.  Id. at 725.  See also Ensor v. Ensor, 270 Md. 549, 312 A.2d 286, 293 (1973) ("[W]e hold that if it is established that one spouse furnished the consideration for the purchase of real estate and if it is further established that the land was conveyed to husband and wife as tenants by the entireties under an agreement or understanding between husband and wife that the real and exclusive ownership should be in the spouse furnishing the consideration, the title of that spouse will be protected.").

      In the instant case, the court has been presented with evidence unlike that which dictated the result in Amend.  While it is undisputed that the Debtor's credit was used to assist in acquiring the Property, no other indicia of ownership exists in the Debtor.  As stated above, however, all incidents of ownership were exercised solely by Mr. Hosley — he made the down payment and all payments on the note and mortgage, paid all maintenance, utilities and taxes, and took the interest deduction on his federal income tax return.  The court has before it no evidence to support the proposition that the parties intended for the Debtor to possess anything more than bare legal title to the Property.  Therefore, under the resulting trust doctrine as expressed by the cases cited herein, the Debtor does not have an equitable interest in the Property notwithstanding the fact that her name appears on the title to the Property.

      Accordingly, based upon the evidence presented regarding the intentions and actions of the parties, the court finds that section 541(d) operates to preclude the Property from becoming property of the estate in the Debtor's bankruptcy proceeding due to the existence of a resulting trust in favor of Mr. Hosley.  Because no portion of the Property constitutes property of the

estate under section 541, the Trustee may not utilize the provisions of either section 363(a) or (h) to dispose of the Property. Thus, the court, having found no genuine issues of material fact, will grant Mr. Hosley's motion for summary judgment.

    An appropriate order will be entered.

**End of Memorandum of Decision**

cc:    Carrie L. McGuire
    1150 18th St., NW, Ste. 800
    Washington, DC 20036

    Willis S. Hosley, Jr.
    2721 Timbercrest Drive
    District Heights, MD 20747

    James Leonardo Neher
    1050 17th Street, NW, Ste. 1000
    Washington, DC 20036

    Ora L. Peyton
    14909 Downey Court
    Bowie, MD 20721

    Office of the United States Trustee
    6305 Ivy Lane, Suite 600
    Greenbelt, MD 20770